# Applicability of 18 U.S.C. § 219 to Representative Members of Federal Advisory Committees

Representative members of federal advisory committees — i.e., members who are chosen only to present the views of a private interest — are not "public officials" covered by 18 U.S.C. § 219

September 15, 1999

MEMORANDUM OPINION FOR THE DEPUTY GENERAL COUNSEL
DEPARTMENT OF THE TREASURY

This memorandum responds to your request for our opinion about the applicability of 18 U.S.C.A. § 219 (West Supp. 1999) to representative members of federal advisory committees. We conclude that representative members of federal advisory committees are not "public officials" covered by § 219. This memorandum supersedes our 1991 memorandum addressing the same question. *See Applicability of 18 U.S.C. § 219 to Members of Federal Advisory Committees*, 15 Op. O.L.C. 65 (1991).

Congress enacted the Federal Advisory Committee Act ("FACA"), 5 U.S.C. app. 2 (1972), to enhance the public accountability of federal advisory committees and to reduce wasteful expenditures on them. *See Public Citizen v. United States Dep't of Justice*, 491 U.S. 440, 459 (1989). Towards those ends, the Act provides that the membership of federal advisory committees should "be fairly balanced in terms of the points of view represented and the functions to be performed by the advisory committee." 5 U.S.C. app. 2, § 5(b)(2) & (c) (1994). In enacting that provision, Congress contemplated that "persons or groups directly affected by the work of a particular advisory committee would have some representation on the committee." *National Anti-Hunger Coalition v. Executive Comm.*, 711 F.2d 1071, 1074 n.2 (D.C. Cir. 1983) (citing S. Rep. No. 92–1098 (1972); H.R. Rep. No. 92–1017 (1972)).[1]

Under 18 U.S.C.A. § 219(a), it is a criminal offense for a "public official" to act as an agent of a foreign principal required to register under the Foreign Agents Registration Act of 1938 or as a lobbyist required to register under the Lobbying Disclosure Act of 1995. Section 219(c) defines "public official" to include, as relevant here, "an officer or employee or person acting for or on behalf of the United States, or any department, agency, or branch of Government thereof, . . . in any official function, under or by authority of any such department, agency, or branch of Government."

In our 1991 memorandum, we concluded that representative members of federal advisory committees — defined in the memorandum as members who are "chosen for committee membership only to present the views of a private interest" — per-

---

[1] The FACA "confers no cognizable personal right to an advisory committee appointment," however. *National Anti-Hunger Coalition*, 711 F 2d at 1074 n 2

form their committee duties "for" the United States and thus are "public officials" within 18 U.S.C. § 219(c). *See* 15 Op. O.L.C. at 66. We further concluded the Emoluments Clause of the Constitution, U.S. Const. art. I, § 9, cl. 8, independently prohibits agents of foreign governments from serving on federal advisory committees because committee members "hold offices of profit or trust" within the meaning of the Clause. *See* 15 Op. O.L.C. at 67–68.[2]

In later opinions, however, we receded from the position taken in the 1991 memorandum and recognized that "not every member of an advisory committee necessarily occupies an 'Office of Profit or Trust' under the [Emoluments] Clause." Letter from Walter Dellinger, Assistant Attorney General, Office of Legal Counsel, to Conrad K. Harper, Legal Adviser, Department of State (Mar. 1, 1994).[3] We ultimately concluded that representative members of federal advisory committees do not hold offices of profit or trust because they "owe their loyalty to outside interests and are not 'servant[s] of the Government.'" *Applicability of Emoluments Clause to "Representative" Members of Advisory Committees*, 21 Op. O.L.C. 176, 177 (1997) ("Esserman Letter") (quoting Office of Government Ethics Informal Opinion 82 x 22, at 330 (1989 ed.) (quoting Memorandum of the President, "Preventing Conflicts of Interest on the Part of Special Government Employees" (May 2, 1963)).

For similar reasons, we now conclude that representative members of federal advisory committees are not "public officials" covered by 18 U.S.C. § 219. The definition of "public official" in § 219 is modeled on the definition of "public official" in the federal bribery statute, 18 U.S.C. § 201 (1994), and is identical in relevant respects. *See* 130 Cong. Rec. 1295 (1984) (remarks of Sen. Denton); H.R. Rep. No. 99–797, at 22 (1986).[4] In *Dixson v. United States*, 465 U.S. 482, 496 (1984), the Supreme Court held that a person is a "public official" under the bribery statute if "the person occupies a position of public trust with official federal responsibilities." The Court explained that "[t]o be a public official under § 201(a), an individual must possess some degree of official responsibility for carrying out a federal program or policy." *Id.* at 499.[5]

Representative members of advisory committees do not fit that definition. Such representatives "are chosen to present the views of private organizations and interests." Esserman Letter, 21 Op. O.L.C. at 176. Under well established prece-

---

[2] The Emoluments Clause provides that "no Person holding any Office of Profit or Trust under [the United States], shall, without the Consent of the Congress, accept of any present, Emolument, Office or Title, of any kind whatever, from any King, Prince or foreign State " U.S. Const art. I, § 9, cl.8.

[3] We specifically determined that members of the State Department's Advisory Committee on International Economic Policy did not hold offices of profit or trust under the Emoluments Clause *See The Advisory Committee on International Economic Policy*, 20 Op. O L.C 123 (1996).

[4] The term "public official" in the bribery statute includes "an officer or employee or person acting for or on behalf of the United States, or any department, agency or branch of Government thereof, . . . in any official function, under or by authority of any such department, agency or branch of Government." 18 U S.C. § 201(a)(1) (1994).

[5] Applying that standard, the Court held that officers of a private, nonprofit corporation responsible for distributing federal community development block grants were public officials under the bribery statute. *See Dixson*, 465 U.S at 497

dents, " '[o]ne who is requested to appear before a Government department or agency to present the views of a non-governmental organization or group which he represents, or for which he is in a position to speak, does not act as a servant of the Government.' " *Id.* (quoting Office of Government Ethics Informal Opinion 82 x 22, at 330 (1989 ed.) (quoting Memorandum of the President, "Preventing Conflicts of Interest on the Part of Special Government Employees" (May 2, 1963)). Indeed, "[t]o characterize an industry representative or the like as a Federal functionary is a contradiction in terms." Office of Government Ethics Informal Opinion 82 x 22, at 333–34.

The structure of 18 U.S.C. § 219 confirms that representative members of advisory committees are not "public officials" within the statute. Although § 219(a) makes it a criminal offense for a public official to act as an agent or lobbyist for a foreign government, § 219(b) provides that an agent of a foreign principal may serve "as a special Government employee in any case in which the head of the employing agency certifies that such employment is required in the national interest." As our 1991 memorandum recognizes, § 219(b) could not be used to exempt representative members of advisory committees from the prohibitions in § 219(a), because representatives are not considered federal employees, special or otherwise. *See* 15 Op. O.L.C. at 67; *see also, e.g.,* Office of Government Ethics Informal Opinion 93 x 14, at 49 (June 24, 1993) (a representative member of an advisory committee "is not considered an employee or special Government employee for purposes of the conflict of interest statutes"). It would be quite anomalous, however, if an agent or lobbyist for a foreign principal could serve as a special Government employee but not as a representative, because special Government employees are generally subject to more restrictive standards than are non-employees. The natural conclusion is that there is no need for a statutory mechanism to exempt representatives from the prohibitions in § 219(a) because those prohibitions simply do not apply.

We therefore conclude that representative members of federal advisory committees are not "public officials" subject to the prohibitions in 18 U.S.C. § 219, and reject the contrary view expressed in the 1991 OLC memorandum.

DANIEL KOFFSKY
*Acting Deputy Assistant Attorney General*
*Office of Legal Counsel*
